IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLAYTON DEAN MORRISON                                                                    PLAINTIFF

v.                         Civil No. 6:14-cv-06061

SERGEANT AMY MARTIN; and
JESSICA RASH                                                                             DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Clayton Morrison, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 7, 2014. Doc. 1. Now before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this matter.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

I.      BACKGROUND

At the time Plaintiff filed his Complaint, he was incarcerated in the Hot Springs County Jail in Malvern, Arkansas ("HSCJ"). On May 7, 2014, the Court entered an Order directing Plaintiff to file a completed application to proceed in forma pauperis ("IFP Application") and to file an amended complaint. Doc. 3. In this Order, Plaintiff was advised that failure to inform the Court of any address change may result in the dismissal of this case.

On June 12, 2014, the Court received mail sent to Plaintiff at the HSCJ returned as undeliverable. Upon the Court's own research, it was determined Plaintiff was transferred to the

1

BiState Justice Center in Texarkana, Texas ("BiState Center"). On June 18, 2014, the Court ordered the Clerk to change Plaintiff's address of record to reflect his new address at the BiState Center. Doc. 7. In this Order, the Court reminded Plaintiff it was his obligation to keep the Court apprised of his current address and that failure to do so could result in dismissal of this action. Doc. 7. Subsequent to this Order, the Court received a change of address notice from Plaintiff indicating his transfer to the BiState Center. Doc. 8.

On September 10, 2014, the Court denied Plaintiff's IFP Application and directed he file a complete IFP Application by October 1, 2014. Doc. 9. This Order was mailed to Plaintiff's address of record at the BiState Center. In this Order, Plaintiff was advised that failure to comply and return a completed IFP Application would subject this matter to dismissal. Doc. 9. On October 22, 2014, this Order was returned as undeliverable mail and marked "not here."

On October 28, 2014, the Court received a change of address notification from Plaintiff indicating he was transferred to the Federal Corrections Institution in Yazoo City, Mississippi ("Yazoo Facility"). The Court entered an order directing the Clerk to change Plaintiff's address of record to the Yazoo Facility and to resend the Court's September 10, 2014 Order directing Plaintiff to file a completed IFP Application. Doc. 11. This Order was not returned as undeliverable mail but Plaintiff failed to return a completed Motion for IFP.

On December 2, 2014, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's September 10, 2014 Order and file a completed IFP Application. Doc. 12. This Order to Show Cause was mailed to Plaintiff's address of record at the Yazoo Facility. On December 15, 2014, the Order to Show Cause was returned as undeliverable mail and marked address unknown.

2

Plaintiff has not communicated with the Court since October 2014 when he notified the Court that he was transferred to the Yazoo Facility.

## II. APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find

that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III. DISCUSSION

Plaintiff has failed to comply with the Court's September 10, 2014 Order (Doc. 9) and December 2, 2014 Order to Show Cause (Doc. 12). Further, Plaintiff has failed to keep the Court informed of his current address despite multiple notifications of his obligation to do so. Additionally, Plaintiff has not communicated with the Court since October 2014.

While the Plaintiff has failed to respond to two Court Orders and failed to keep the Court apprised of his current mailing address, the record here does not indicate a clear record of delay or contumacious conduct by the Plaintiff. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (Doc. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 20th day of January, 2015.**

                                        /s/ *Mark E. Ford*  
                                        HON. MARK E. FORD  
                                        UNITED STATES MAGISTRATE JUDGE